## Mellinger v. Paradise Mutual Insurance Company

208

*John W. Thompson* and *Daniel W. Shoemaker,* for plaintiffs.

*Gilbert G. Malone,* for defendant.

BUCKINGHAM, J., April 6, 1972.—Plaintiffs' original complaint was filed on May 3, 1971. They alleged that their barn, which was insured by defendant, was twisted and dislodged by a violent windstorm which caused the barn to collapse on April 2, 1970. Defendant's answer and new matter pled that portion of the insurance policy which precluded recovery unless suit was started within 12 months after inception of the loss. Plaintiffs' reply, somewhat inarticulately, pled a waiver of the one-year provision by defendant. Defendant filed a motion for judgment on the pleadings and the matter was argued before the court on September 7, 1971.

Before a disposition could be made by the court, plaintiffs, on September 16, 1971, filed a petition for leave to file an amended complaint which was granted by the court on December 6, 1971. Plaintiffs' amended complaint was filed on December 27, 1971, alleging the following: (1) that a violent windstorm struck the barn on April 2, 1970, twisting and dislodging it so that it became susceptible to ultimate collapse; (2) that from April 2, 1970, until June 24, 1970, the barn continued to stand and to receive and rebuff the wind and weather but on June 24, 1970, as a result of further winds, the barn twisted and collapsed and (3) the actual loss occurred on June 24, 1970, although the windstorm

of April 2, 1970, placed the barn in a position so that it became susceptible to collapse upon being buffeted by lesser winds of a later date.

Defendant filed preliminary objections to the amended complaint on the ground that if the barn collapsed on April 2, 1970, plaintiffs are out of court, since the original complaint was filed on May 3, 1971, more than one year after the inception of the loss but if the barn collapsed on June 24, 1970, as alleged in the amended complaint, plaintiffs are still out of court since the amended complaint was not filed until December 27, 1971, more than one year after the inception of the loss on June 24, 1970.

Defendant's contention is a valid one. The one-year limitation provision may be raised by preliminary objection: Muel v. Yorktowne Mutual Ins. Co., 81 York Legal Record 23 (1967). The inception of the loss occurred when the barn collapsed: Muel v. Yorktowne Insurance Company, supra. It is obvious that plaintiffs are on the horns of a dilemma. If they claim, as they do in the original complaint, that the barn collapsed on April 2, 1970, they are beyond the one-year limitation period because the original suit was filed on May 3, 1971. If they claim that the barn collapsed on June 24, 1970, as they do in the amended complaint, they are still beyond the one-year limitation period because the amended complaint was not filed until December 27, 1971.

Plaintiffs are not helped by the fact that they filed their original complaint within one year of June 24, 1970, the date they say the barn collapsed in their amended complaint. This is because the amended complaint sets forth an entirely new and different cause of action than was set forth in the original complaint, i.e., that the barn collapsed and, therefore, the loss occurred on June 24, 1970, instead of April 2, 1970.

However, as we have indicated, plaintiffs have

raised in their other pleadings the possibility that defendant waived the one-year limitation period. Plaintiffs have not set forth this waiver of the policy provision with any great degree of clarity as to the time and method of defendant's waiver but we think plaintiffs should have one more opportunity to do so.

Parenthetically, defendant moved to strike off the amended complaint and requested a more specific pleading, alleging, inter alia, that it is unable to determine what the value of the barn was on the two different dates above referred to. We think plaintiffs have been specific enough, since they say in both the original and the amended complaint that the barn and the cost of its replacement are equal to or exceeded the $5,000 amount for which it was insured by defendant. In view of the foregoing, we enter the following

## ORDER

And now, to wit, April 6, 1972, defendant's preliminary objections to the amended complaint in the form of a demurrer is sustained with leave to plaintiffs to file one more amended complaint in consonance with this opinion within 20 days of the date of this order. Defendant's preliminary objections in the form of a motion to strike and for a more specific pleading are refused.

An exception is granted to both parties.